### SKELLY et al. v. MORTIMER.

(Supreme Court, Appellate Division, First Department.   January 3, 1913.)

1. PAYMENT (§ 65*)—BURDEN OF PROOF.

Payment is an affirmative defense in an action for goods, the burden of proving which is on defendant.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 162–175, 196, 197, 199–201; Dec. Dig. § 65.*]

2. DISCOVERY (§ 40*)—PURPOSE—PRESENTATION OF DEFENSE.

An order for defendant's examination before trial cannot be granted for the sole purpose of enabling plaintiff to find out how defendant intends to prove her defense.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 52, 53; Dec. Dig. § 40.*]

Appeal from Special Term, New York County.

Action by Genevieve C. Skelly and others, as executors of Patrick Skelly, against Mary A. Mortimer. From an order denying a motion to vacate an order for defendant's examination before trial, and from an order resettling said order, defendant appeals. Reversed, and motion to vacate granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Abram I. Elkus, of New York City, for appellant.
Richard H. Clarke, of New York City, for respondents.

PER CURIAM. The action is for goods, wares, and merchandise sold. The answer, in addition to general and specific denials, pleads payment.

[1, 2] This is an affirmative defense, the burden of proving which rests on defendant. No reason is apparent why plaintiff should exam-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ine defendant, unless it be to ascertain how she intends to prove her defense. Orders for examination are not granted for this reason alone.

Order appealed from reversed, with $10 costs and disbursements, and motion to vacate granted, with $10 costs.